**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY DOZIER,

      Petitioner,                             Case No. 08-14991
                                               HON. BERNARD A. FRIEDMAN

v.

RAYMOND BOOKER,

      Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS**
**CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,**
**AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

      Anthony Dozier, ("petitioner"), presently confined at the Muskegon Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for armed robbery, M.C.L. 750.529. For the reasons stated below, the Court will deny the petition for writ of habeas corpus.

**I. Background**

      Petitioner was convicted of the aforementioned charge following a bench trial in the Wayne County Circuit Court. Petitioner's conviction arose out of an incident in the early morning hours of June 8, 2006 at a McDonald's restaurant in Ecorse, Michigan, where petitioner was employed. Petitioner allegedly aided and abetted a man, whom he later identified as Roosevelt Daughrity, in the commission of an armed robbery.

-1-

Daughrity was armed with a butcher knife, which he used to assault two of petitioner's female co-workers.  Daughrity stole money in the course of the robbery.  Petitioner assisted in the armed robbery by unlocking a door for Daughrity, giving him access to the restaurant.  At the time of the robbery, petitioner was on probation for uttering and publishing, an offense in which Daughrity had been involved.

Investigators interviewed petitioner on June 8, 2006, wherein he stated that Daughrity had talked about "hitting a lick," *i.e.* committing a robbery.  Petitioner admitted that he left the door to the restaurant unlocked so that Daughrity could gain access.  Daughrity then entered the restaurant through this door and asked one of the women to give him the money.  Petitioner told the police that Daughrity had threatened him.

At the trial, petitioner testified in his own defense.  He acknowledged his role in the robbery, but claimed that he did so only because Daughrity had threatened to harm him if he refused to help him.  Petitioner further attested that Daughrity had threatened and assaulted him in the past.  He denied any prior knowledge that Daughrity was going to use a weapon during the course of the robbery.  In fact, petitioner claimed that he was scared when he saw Daughrity carrying a knife at the time of the robbery.  When the prosecutor asked petitioner whether Daughrity had told him that "he had a mask and a knife," and that all that petitioner had to do was open the door, petitioner indicated that this statement was untrue.  Instead, petitioner claimed that Sergeant Blade encouraged him to author a confession that would implicate Daughrity.  Petitioner attested that he made the foregoing statement so that he would receive a favorable plea bargain from the

-2-

prosecutor's office.  According to petitioner, Sergeant Blade promised him that the prosecutors would offer him no more than two years incarceration if petitioner implicated Daughrity.  Petitioner later admitted that he had previously been convicted of uttering and publishing, in which Daughrity had given him a money order to cash.

At the conclusion of the trial, petitioner was convicted of armed robbery and sentenced to 15-30 years in prison.  His conviction was affirmed on appeal. *People v. Dozier,* No. 275687, 2008 Mich. App. LEXIS 616 (Mich. Ct. App. Mar. 25, 2008); *lv. den.* 482 Mich. 1000 (2008).  Petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice to permit petitioner to return to the state courts to exhaust a claim that had not been presented to the state courts.  Petitioner then filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Dozier,* No. 06-007700-01 (Third Circuit Court of Michigan, Mar. 11, 2011).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Dozier,* No. 303169 (Mich. Ct. App. Oct. 6, 2011); *lv. den.* 491 Mich. 885 (2012).

Petitioner has now filed an amended petition for writ of habeas corpus on the following grounds:

> I. Whether petitioner was deprived of due process, when the prosecution treated him unfairly and failed to uphold the terms of the plea bargain.
>
> II. Whether petitioner was deprived of due process and a fair trial when the prosecution withheld evidence of his statement to police until the day of trial which was made pursuant to plea negotiations and a reasonable expectation of leniency.
>
> III.  Whether petitioner was deprived of effective assistance of counsel  when

trial counsel failed to challenge and object to misscored guidelines and did not recognize that petitioner was sentenced with inaccurate information.

IV.  Whether petitioner was deprived of effective assistance of counsel where offensive variables 1, 2, and 3 were scored inaccurately; when counsel failed to challenge and object to the misscored guidelines, and alternatively, petitioner is entitled to specific performance based in part on the inaccurate re-calculation of the guidelines range after the prosecutor promised a sentence below 3 to 5 years.

V.  Whether petitioner was deprived of the right to counsel at a critical stage, when a statement from petitioner was taken by the detective handling the case in the absence of petitioner's attorney.

## II.  Standard of Review

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has

-4-

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *see Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Thus, to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-787.

### III. Discussion

-5-

**A. Motion for Leave to File a Supplemental Argument in Support of the Petition for Writ of Habeas Corpus.**

As a preliminary matter, petitioner filed a motion for permission to file a supplemental argument in support of his fifth claim. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) *citing* Fed.R.Civ.P. 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997). Delay by itself, however, is not sufficient to deny a motion to amend. *Coe*, 161 F.3d at 342.

Petitioner's proposed amended habeas petition contains additional support for the claims that he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent. *See Riley v. Taylor*, 62 F.3d 86, 92 (3d Cir. 1995). Additionally, petitioner filed this motion to amend the petition before the Court has adjudicated the issues in the petition. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Thus, the Court will grant the motion to amend.

**B. Claim # 1 - Breach of Plea Agreement**

Petitioner first alleges that the trial judge denied him due process when he failed to order the prosecution to specifically perform the plea agreement that it entered into

with petitioner prior to trial.

On October 13, 2006, petitioner pleaded guilty to armed robbery charge and cooperated with the police in their investigation of Daughrity.  As a result, the prosecutor agreed to recommend a sentence "below the guidelines."  Although the parties did not specifically designate the applicable guidelines range on the record, petitioner alleges that the prosecutor calculated the sentencing guidelines range between 53 and 180 months.  When petitioner appeared for sentencing on October 31, 2006, he informed the judge that the guidelines had been calculated at a range of 108 to 180 months.  Petitioner asked the judge to sentence him to five years in prison as agreed upon by the prosecutor. The judge refused to sentence petitioner to five years in prison, but agreed to set aside petitioner's guilty plea and permit petitioner to go to trial.

Petitioner's claim fails for two reasons.  First, petitioner has failed to show that there was a breach of the plea agreement.  An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *See Myers v. Straub*, 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001).  Nonetheless, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Id.*

Having reviewed the plea transcript, the Court finds that the only plea agreement memorialized in the record was that petitioner agreed to be sentenced below the sentencing guidelines range.  Otherwise, the record is devoid of any indication that the parties assented to a particular sentencing guidelines range (Plea Tr. 10/31/2006, p. 5). Absent extraordinary circumstances, or some other explanation as to why a defendant

-7-

did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, particularly where the trial court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986); *Hastings v. Yukins,* 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002). Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to undermine the unambiguous terms of the plea agreement. *See McAdoo v. Elo,* 365 F.3d 487, 497 (6th Cir. 2004).

In this case, the only agreement made by the prosecutor at the time of the guilty plea was that petitioner would be sentenced below the sentencing guidelines range. A "clear reading" of the plea agreement shows that there was no promise by the prosecutor or the trial court that petitioner would receive a sentence of five years in prison or that the sentencing guidelines range would be scored at 53 to 180 months. Ultimately, petitioner failed to demonstrate that the original terms of the plea agreement were breached by the prosecutor. *Myers,* 159 F. Supp. 2d at 628. Because it is clear from the record that no promises were made that have not been kept, or that the plea bargain was breached, petitioner is not entitled to habeas corpus relief on this claim. *See Williams v. Anderson,* 498 F. Supp. 151, 152 (E.D. Mich. 1980).

Even assuming that the prosecutor breached the plea agreement, petitioner still would not be entitled to specific performance of the agreement. A state prosecutor's breach of a plea bargain is a claim cognizable in a habeas proceeding. The appropriate remedy for the government's breach of a plea agreement is either specific performance

-8-

of the agreement or an opportunity to withdraw the plea. *See Santobello v. New York*, 404 U.S. 257, 263 (1971). The choice between these two remedies is not up to the defendant, but rests instead with "the sound discretion" of the trial court. *See Peavy v. United States*, 31 F.3d 1341, 1346 (6th Cir. 1994). Furthermore, courts are not required under the federal constitution to implement specific performance of a plea agreement. *See Mabry v. Johnson*, 467 U.S. 504, 510, n. 11 (1984). Here, the judge permitted petitioner to withdraw his plea of guilty; thus regardless of whether the prosecutor breached the plea agreement, this was all that was required under the federal constitution. Consequently, petitioner is not entitled to habeas relief.

### C. Claims # 2 and # 5 - Claims Related to the Admission of Petitioner's July 26, 2006 Statement

In his second and fifth claims, petitioner argues that the trial court should have excluded his July 26, 2006 statement to Sergeant Blade wherein he admitted that he knew Roosevelt Daughrity possessed a knife.

With respect these claims, petitioner argues that the trial court should have excluded his July 26, 2006 statement from evidence because the prosecutor failed to reveal the existence of his prior statement to defense counsel until trial. To the extent that petitioner asserts the prosecutor violated state discovery rules, he may not avail himself of habeas relief. "It is well settled that there is no general constitutional right to discovery in a criminal case." *Stadler v. Curtin*, 682 F. Supp. 2d 807, 818 (E.D. Mich. 2010) (*citing Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). A claim that a

prosecutor violated state discovery rules is not cognizable in federal habeas review because it is not a constitutional violation. *See Lorraine v. Coyle,* 291 F.3d 416, 441 (6th Cir. 2002); *see also Friday v. Straub,* 175 F. Supp. 2d 933, 940 (E.D. Mich. 2001).

Insofar as petitioner contends that the violation of the discovery order violated his due process rights, this claim must also fail. The suppression of exculpatory evidence violates due process where the evidence is material to either the guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). There are three components of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or necessary for the purposes of impeachment; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). "Prejudice (or materiality) in the *Brady* context is a difficult test to meet." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002).

In light of the aforementioned standard, petitioner's *Brady* claim is without merit. "The *Brady* rule does not assist a defendant who is aware of essential facts that would allow him to take advantage of the exculpatory evidence at issue." *Coleman v. Mitchell*, 268 F.3d 417, 438 (6th Cir. 2001). Since petitioner made his statement to the police, he was obviously aware of it and could have advised defense counsel about it prior to trial. Accordingly, the non-disclosure of this statement did not violate *Brady.*

Secondly, petitioner's statement was disclosed during trial. *Brady* generally does

not apply to the delayed disclosure of exculpatory information, but only to a complete

failure by the prosecutor to disclose such information. *See United States v. Davis,* 306

F.3d 398, 421 (6th Cir. 2002).  If previously undisclosed evidence is disclosed during

trial, no *Brady* violation occurs unless the defendant is prejudiced by its nondisclosure.

*United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986); *see also United States v.*

*Benc*s, 28 F.3d 555, 560-561 (6th Cir. 1994).  The Sixth Circuit noted that "[T]he

Supreme Court rejected the claim that the duty to disclose hinges on the usefulness of the

material to pretrial preparation.  Such a standard would 'necessarily encompass

incriminating evidence as well as exculpatory evidence, since knowledge of the

prosecutor's entire case would always be useful in planning the defense.'" *Bencs*, 28

F.3d at 560, n.5 (quoting *United States v. Agurs,* 427 U.S. 97, 112 n.20 (1976)).  As

petitioner's statement to the police was disclosed during trial and the prosecutor used it

only for impeachment purposes, petitioner has failed to show that his due process rights

were violated. *See e.g. Whittaker v. Lafler,* 639 F. Supp. 2d 818, 829-830 (E.D. Mich.

2009).

Additionally, the mere fact that petitioner's theory of the case may have been

undermined by this new evidence would not entitle him to relief.  Quite simply, "[t]here

is no rule that evidence must be excluded or a mistrial granted on the basis that a

defendant had committed himself to a theory which was undermined by new evidence."

*United States v. Atisha*, 804 F.2d 920, 925 (6th  Cir. 1986), because "[t]here is always a

possibility that new evidence will be discovered, even if the defense was structured

around assurances made by the government." *Id.* More importantly, petitioner's *Brady* claim fails because he did not proffer any evidence that his statement to investigators contained exculpatory material. *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004).

Petitioner also maintains that the trial court should have excluded his statement pursuant to M.R.E. 410 because it was provided to the police as part of his plea negotiations with the prosecutor. This contention is equally meritless because a state court's ruling on the admissibility of evidence pursuant to M.R.E. 410 is not congizable for the purposes of federal habeas review. *See Frazier v. Mitchell*, 188 F. Supp. 2d 798, 831 (N.D. Ohio 2001); *aff'd in part and rev'd in part on other grds,* 343 F.3d 780 (6th Cir. 2003). Indeed, nothing in the text of Federal Rule of Evidence 410 or its Michigan analogue even alludes to a constitutionally protected right. *See Beach v. Moore,* 343 F. App'x 7, 11 (6th Cir. 2009). Petitioner would not be entitled to habeas relief merely because the admission of his statement violated M.R.E. 410.

Petitioner next contends that his statement was involuntary because it was induced by a promise of leniency. The Michigan Court of Appeals rejected this claim:

> The totality of the circumstances does not establish that the statement was provided involuntarily. Defendant provided an incriminating statement to the police on the day of the alleged crime, more than one month before he provided the statement in question. There is no claim that the first statement was provided in response to any promises. Thus, defendant had already exhibited a willingness to speak to police without being provided any external motivation. When considering that defendant had already admitted his involvement in the robbery, the presence of a promise of leniency likely had little effect on whether he was willing to further expound in the details of the

events in question.  Furthermore, defendant makes no claim that any of the other factors provided in *Cipriano*[1] weigh in his favor.  As such, he has failed to demonstrate that the statement was provided involuntarily.

*Dozier,* No. 275687, Slip. Op. at 3.

A confession is admissible only when it is made freely and voluntarily.  It cannot be the result of any direct or implied promises, however slight. *See Shotwell Mfg. Co. v. U.S.,* 371 U.S. 341, 347 (1963).  Petitioner failed to meet this standard by showing that Sergeant Blade made any promises to induce him to make his July 2006 statement, and thus, his request for habeas relief on this claim is denied. *See, e.g., Washington v. Renico,* 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding).

In regards to his fifth claim, petitioner contends that his July 2006 statement to Sergeant Blade should have been suppressed because it was taken in violation of his Sixth Amendment right to counsel.

Petitioner raised this claim for the first time on post-conviction review.  The post-conviction court rejected petitioner's claim, finding that petitioner's statement, although taken in violation of his Sixth Amendment right to counsel, had only been used for impeachment purposes. *Dozier,* No. 06-00700-01, Slip. Op. at 4-5.

Once a defendant's Sixth Amendment right to counsel has formally attached, law

---

[1] *People v. Cipriano*, 431 Mich. 315 (1988).

-13-

enforcement officials may not "deliberately elicit" incriminating statements in the absence of counsel. *Massiah v. United States,* 377 U.S. 201, 206 (1964). In the event such statements are obtained, they may not be admitted for impeachment purposes. *See Kansas v. Ventris,* 556 U.S. 586, 593-594 (2009).

Although prosecutors did not introduce petitioner's July 26, 2006 statement to Sergeant Blade during their case-in-chief, they did permissibly utilize his statement to impeach him after he had testified that he did not know that Daughrity would be armed with a knife. Regardless, the trial judge did not rely on petitioner's statement to the police in concluding that he was well aware that Daughrity would be armed with a knife during the course of the robbery. (Tr. 12/21/06, p. 127). In view of the foregoing, petitioner's Sixth Amendment claim is similarly denied.

### D. Claims # 3 and #4 - Sentencing Guidelines and Ineffective Assistance of Counsel

In his third and fourth claims, petitioner alleges that several offense variables of the Michigan Sentencing Guidelines were incorrectly scored and that his trial counsel was ineffective for failing to object to this error. However, petitioner's contention that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not subject to federal habeas review as it is strictly a matter of state law. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum

sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

Petitioner further argues that trial counsel was ineffective for failing to object to the scoring of the offense variables. A defendant must satisfy a two-prong test to establish ineffective assistance of counsel. First, a defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that the deficient performance prejudiced his defense. *Id*. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

While the Sixth Circuit has applied its own framework for reviewing federal convictions on direct appeal, the Supreme Court never expressly extended *Strickland* to noncapital sentencing cases, *see United States v. Stevens*, 851 F.2d 140, 145 (6th Cir. 1988), and thus, no clearly established federal law regarding ineffective assistance of counsel claims in noncapital sentencing cases exists. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 & n. 39 (9th Cir. 2005) (quoting *Strickland,* 466 U.S. at 686); *see also*

*Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006).

Assuming that *Strickland* applies to noncapital sentencings, petitioner is unable to show that he was prejudiced by counsel's failure to object to the scoring of these sentencing guidelines variables because petitioner has not demonstrated that his sentence would have been any different.  The Court notes that the Michigan Court of Appeals ruled that Offense Variable 4 of the Michigan Sentencing Guidelines had been correctly scored, *Dozier,* No. 275687, Slip. Op. at 3-4, and the trial judge, on post-conviction review, held that Offense Variables 1, 2, and 3 had been correctly scored. *Dozier,* No. 06-00700-01, Slip. Op. at 2-3.  Moreover, the Michigan Court of Appeals and the Michigan Supreme Court both denied petitioner leave to appeal from the denial of his post-conviction motion.  In light of these decisions, it is apparent that any objection to the scoring of the sentencing guidelines would have been futile and counsel was not ineffective for failing to do so. *See Harris v. U.S.*, 204 F.3d 681, 683 (6th Cir. 2000).

### E. Certificate of Appealability

The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were deserving of encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).  When a district court rejects a habeas petitioner's constitutional claims

on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because petitioner failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Id.*

Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is denied with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that petitioner is denied leave to appeal *in forma pauperis.*

-17-

Dated: January 17, 2013                      s/ Bernard A. Friedman
                                             BERNARD A. FRIEDMAN
                                             SENIOR UNITED STATES DISTRICT
                                             JUDGE

I hereby certify that a copy of this document was sent to parties of record on January 17,
2013 electronically or by U.S. mail.

                                             s/ Michael Williams
                                             **Relief Case Manager for the**
                                             **Honorable Bernard J. Friedman**